O

# United States District Court
# Central District of California

| | |
|---|---|
| DOUGLAS JAMES, BY AND THROUGH HIS GUARDIAN AD LITEM, JORGE REYES,[1]<br><br>Plaintiff,<br><br>v.<br><br>OFFICER VALENZUELA; and CALIFORNIA HIGHWAY PATROL,<br><br>Defendants. | Case No. 2:20-cv-08689-ODW (ASx)<br><br>**ORDER DENYING APPLICATION FOR APPROVAL OF COMPROMISE OF CLAIM OF INCOMPETENT [13]; AND**<br>**EX PARTE APPLICATION [15]** |

## I.   INTRODUCTION

Plaintiff Douglas James is a sixty-three year old man with dementia who was lost for six weeks after Defendant California Highway Patrol ("CHP") officers allegedly left him on the side of the road.  An agreement has been reached and Plaintiff's representatives now seek court approval to compromise Plaintiff's claims. (Appl. for Approval of Compromise of Claim of Incompetent ("Application" or "Appl."), ECF Nos. 13, 15.)  For the reasons discussed below, the Court **DENIES** Plaintiff's Application **without prejudice**.

---

[1] As discussed below, Reyes has not sought from this Court, nor has this Court granted him, appointment as guardian ad litem for Plaintiff Douglas James.

## II. BACKGROUND

Plaintiff suffers from dementia. (*See* Notice of Removal ("NOR") Ex. A ("Compl.") ¶ 16, ECF No. 1-1; Decl. of Mark Ravis ("Ravis Decl.") ¶ 2, ECF No. 13.) He lives with his twin brother, Donald James, who cares for him. (Appl. 2.) On November 5, 2019, Donald was driving with Plaintiff and the family dog, Teddy Bear, when two CHP officers, one of whom was Officer Valenzuela (#21756), pulled them over in Torrance, California. (Compl. ¶ 16.) Officer Valenzuela arrested Donald for driving while intoxicated and impounded the vehicle. (*Id.*) Donald explained to the officers that Plaintiff has dementia and that he and Teddy Bear would not be able to find their way home. (*Id.*) The officers promised to drive Plaintiff and Teddy Bear home but instead dropped them off a few blocks from the arrest. (*Id.*)

Teddy Bear was found in Wilmington about two weeks later; Plaintiff remained lost for six weeks. (Compl. ¶ 17.) Plaintiff was found on December 21, 2019, when he was arrested for vagrancy in Pasadena, California. (Appl. 2; Ravis Decl. ¶ 4.) During the six weeks he was lost, he "wandered the streets, rode buses, slept wherever he could, [and] scavenged for food." (Compl. ¶ 17.) He alleges that he suffered severe mental anguish from fear that he would never be found and fear about his ability to survive. (*Id.* ¶ 18.)

In light of Plaintiff's dementia, Plaintiff's attorney, Mark Ravis, asked Jorge Reyes Esq., to act as Plaintiff's guardian ad litem ("GAL") in this action. (Ravis Decl. ¶ 3.) On August 6, 2020, Plaintiff, by and through Reyes, filed a civil action in state court against Defendants CHP and Officer Valenzuela for gross negligence and violation of Eighth Amendment (right to be free from harm in police custody) under 42 U.S.C. § 1983. (*See* Compl.) Reyes applied to the state court for appointment as Plaintiff's GAL, but the CHP removed the action to this Court on September 22, 2020, before the state court acted on the application. (*See* NOR, Ex. B, ECF No. 1-2.)

On November 16, 2020, "[P]laintiff Douglas James by and through his [GAL] Jorge Reyes agreed to compromise [P]laintiff's claim[s]" in a settlement. (Appl. 1.)

2

In exchange for Plaintiff's release of all claims and dismissal of all Defendants with prejudice, the CHP will pay Plaintiff $14,000, inclusive of attorneys' fees and costs; Officer Valenzuela, who has not been served, will settle for a waiver of costs. (Appl. 3.) Attorney Ravis seeks litigation expenses of $720 and fees of 25%, or $3320. (Ravis Decl. ¶ 9.) Under the settlement, the remaining $9,960 after fees and expenses would be deposited in a blocked account for Plaintiff, to be managed pursuant to Court order by Plaintiff's older sister, Veneda James, who has managed Plaintiff's finances for the past two years. (Appl. 4; Decl. of Veneda James ¶¶ 4–5, ECF No. 13.) Attorneys Ravis and Reyes both recommend approval of the settlement, although Reyes concedes that he has never met Plaintiff. (Ravis Decl. ¶ 8; Decl. of Jorge Reyes ¶ 2, ECF No. 13.)

### III. LEGAL STANDARD

District courts have a special duty to protect the interests of incompetent or minor plaintiffs. *See Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011); *Smith v. City of Stockton*, 185 F. Supp. 3d 1242, 1243–45 (E.D. Cal. 2016) (applying *Robidoux* to the interests of a developmentally delayed adult); *Banuelos v. City of San Bernardino*, EDCV 13-736-GW (DTBx), 2018 WL 6131190, at *2 n.2 (C.D. Cal. Apr. 26, 2018) (applying *Robidoux* to the interests of an incompetent adult). Accordingly, "[n]o claim in any action involving a minor or incompetent person shall be settled, compromised, or dismissed without leave of the Court embodied in an order, judgment, or decree." C.D. Cal. L.R. 17-1.2; *Banuelos*, 2018 WL 6131190, at *2. "[A] court must independently investigate and evaluate any compromise or settlement of a[n incompetent person]'s claims to assure itself that the [incompetent person]'s interests are protected, even if the settlement has been recommended or negotiated by the . . . guardian ad litem." *Banuelos*, 2018 WL 6131190, at *2 (quoting *Salmeron v. United States*, 724 F.2d 1357, 1363 (9th Cir. 1983)); *see also Robidoux*, 638 F.3d at 1181.

## IV.  DISCUSSION

Plaintiff's Application fails for at least three reasons.

First, where an incompetent person lacks a duly appointed representative such as a conservator, the court "must appoint a [GAL]—or issue another appropriate order—to protect a minor or incompetent person[']s" interests in prosecuting an action.  Fed. R. Civ. P. 17(c)(2); *Robidoux*, 638 F.3d at 1181.  "When the appointment of a [GAL] is required" by Federal Rule of Civil Procedure ("Rule") 17(c)(2), a "suitable person must file a Petition for the Appointment of a [GAL] at the time of the minor's or incompetent person's first appearance."  C.D. Cal. L.R. 17-1.1.  Here, no Petition for the Appointment of a GAL has been filed with this Court, and the state court did not act on Reyes's application before the case was removed.  Therefore, Reyes has not been appointed GAL for Plaintiff and may not prosecute this action on Plaintiff's behalf without court-appointment.

Second, "[i]nsofar as practicable, hearings on petitions to settle, compromise, or dismiss a claim in an action involving a minor or incompetent person shall conform to Cal. Civ. Proc. Code § 372 and California Rule of Court 3.1384."  C.D. Cal. L.R. 17-1.3.  Under California Rule of Court 3.1384, a petition to compromise an incompetent person's claim "must comply with [California Rules of Court] 7.950 or 7950.5, 7.951, and 7.952."  Cal. Rules of Court, Rule 3.1384.  These rules in turn require that the application be verified and include form MC-350 or MC-350EX, *id.* 7.950, the plaintiff's attorney must disclose his or her interest in the matter, *id.* 7.951, and a hearing must be held or good cause shown to dispense with the plaintiff's personal appearance, *id.* 7.952.  Here, Plaintiff has not complied with any of these procedural requirements: the Application is not verified, does not attach either form MC-350 or MC-350EX or otherwise provide the information therein, and does not include the information required by California Rules of Court 7.950, 7.951, and 7.952.  Plaintiff does not even submit a copy of the settlement agreement, despite indicating that it is attached.  (Appl. 2 (inaccurately stating, "The stipulated settlement

is submitted herewith as Exhibit 1"); *see also id.* at 3.) Therefore, the Application does not satisfy the procedural requirements for approval.

Finally, in cases involving the settlement of an incompetent person's claim, courts "review . . . whether the net amount distributed to each [incompetent] plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the [plaintiff]'s specific claim, and recovery in similar cases." *Robidoux*, 638 F.3d at 1182 (citing *Dacanay v. Mendoza*, 573 F.2d 1075, 1078 (9th Cir. 1978)); *Smith*, 185 F. Supp. 3d at 1243 (quoting *Robidoux*, 638 F.3d 1181–82). Here, Plaintiff provides only minimal facts and asserts in a conclusory fashion that the compromise is fair and reasonable because: Plaintiff "did not appear to have suffered any physical or articulated mental damages from being missing for nearly six weeks"; Defendant Valenzuela may have "potential defenses of immunity"; and the costs incurred in this litigation remain low. (Appl. 4.) Further, Plaintiff provides no comparison to similar cases; "[f]or the Court to consider the settlement reasonable, Plaintiff must point to some cases (even if not identical, but at least similar in some way) that support a settlement amount close to what is proposed here." *Banuelos*, 2018 WL 6131190, at *3. Without providing more information concerning settlement amounts in similar cases *and* the reasons why this case was settled for $14,000 in view of the egregious conduct alleged, the Court cannot approve the proposed compromise. *See id.* at *4.

## V.   CONCLUSION

For the reasons discussed above, the Court **DENIES** Plaintiff's Application for Approval of Compromise of Claim of Incompetent, **without prejudice** to the filing of a renewed application addressing the deficiencies identified above **within thirty days** of the date of this order.  (ECF Nos. 13, 15.)  Should Plaintiff elect not to file a timely renewed application, the Court will reset this matter for trial.

**IT IS SO ORDERED.**

April 21, 2021

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**